## CAMDEN COUNTY CIRCUIT COURT.

### ALBERT PEPIAK, PLAINTIFF, v. JOSEPH HALBERT ET AL., DEFENDANTS.

Decided April 8, 1927.

**Mechanics' Lien—Several Claims Reduced to Judgment—One Claim Not so Reduced—Property Sold, and, Upon Consent, a Specified Sum was Held by Clerk on Account of Said Claim—Claimant Asserts That Since Lien Has Been on File More Than Three Months and No Caveat Filed Against it Prior to Application, Claim is Now Unassailable—Other Claimants Deny This and Have Since Filed Caveats—Held, That Statute Does Not Require That Caveats Shall be Filed Within Three Months, Simply That Claims Shall Not be Paid Until They Have Been on File Three Months; Any Claimant May Question the Justness of Any Other Claim, and May Contest Any Time Before Fund is Distributed.**

For the plaintiff and others, *Joseph Beck Tyler.*

For Concrete Specialties Company, *Charles A. Cogan.*

For Elwood Antrim, *Clifford A. Baldwin.*

For A. H. Knoettner & Sons, *Sydney T. Smith.*

DONGES, J. On September 10th, 1926, an order was made for the distribution of the fund created by the sale of the premises affected to the several mechanics' lien claimants who had reduced their claims to judgment, and providing that a sum be retained to cover another claim not yet reduced to judgment. It was made to appear that A. H. Knoettner & Sons had filed a lien-claim and that no provision was made for the payment of any sum that might be due to said claimants. An order was thereupon made, by consent of all parties in interest, that the sum of $1,724 be held by the clerk to pay any amount that may become due to said Knoettners.

In this situation, Knoettners now move for an order requiring the clerk of this court to pay over this sum to Knoettners, on the ground that the lien-claim being in all respects regular, and having been on file three months, and no caveat having been filed prior to the application, the claim is unassailable and the money due. At the same time, several of the other lien claimants, representing more than half of the amount due, ask leave to appear and litigate Knoettners' claim. Caveats have since been filed against the allowance of Knoettners' claim by Elwood Antrim, Concrete Specialties Company and Albert Pepiak.

I am of opinion that a proper interpretation of section 29 of the Mechanics' Lien act (*Comp. Stat., p.* 3311) affords each and every person entitled to share in the fund the right to contest the justness of the demand of any other claimant, before judgment is entered on it. It provides that the Circuit Court "shall have full power" * * * "to make all orders necessary and proper to carry into effect the objects of this act, and to secure a proper disposition of the proceeds of sales to all persons entitled thereto by the provisions of this act."

The Knoettner claim was never reduced to judgment, so that the correctness of the demand is not established. It would be unjust to say that persons whose claims will be affected by the payment to Knoettners should not be afforded an opportunity to contest such claim because a caveat was not filed within three months. The statute does not require, in express terms, that it shall be filed within three months of the filing of the lien-claim. It provides that a claim shall not be paid until it shall have been on file three months. In view of the clear direction to the court to see to the proper disposition of the fund, I conclude that objection may be made at any time before the fund is distributed. Caveats having been filed by the required amount in interest against the claim of Knoettner & Sons, the claimants will be required to establish their claim, as provided by statute. Section 29, *supra.* The other lien claimants will be permitted to inter-

vene, file answers and contest the claim of A. H. Knoettner & Sons.

Lester A. Drenk, trustee, the purchaser of the premises at the sale under the execution issued in this case, applied to be allowed to contest the Knoettners' claim. Inasmuch as the sale discharged the lien, it is not apparent how Drenk can have any interest in the disposition of the fund. The application of Drenk to be admitted to defend is denied.